USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 9/17/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLORISTINE W. o/b/o V.J.C.,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

25-CV-5738 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Gloristine W. filed this action on behalf of her minor grandson, V.J.C., pursuant to § 205(g) of the Social Security Act, seeking judicial review of the denial of V.J.C.'s application for supplemental security income. The case is before me for all purposes pursuant to 28 U.S.C. § 636(c). *See* Dkt. 6.

The Court has carefully reviewed the record, the briefs, and applicable law; heard oral argument from the parties on September 17, 2026; announced its decision on the record at the conclusion of the argument (the Oral Decision); and directed the parties to order a copy of the transcript and split the costs.

For the reasons detailed in the Oral Decision, the Court has determined that the Administrative Law Judge (ALJ) made non-trivial factual errors in evaluating the medical and non-medical evidence; that the ALJ erred in finding the opinions of the consultative medical examiners and the findings of the state agency reviewers as to the claimant's mental impairments uniformly "persuasive," without considering whether those opinions and findings were stale in light of the substantial additional evidence adduced thereafter; that these errors were not harmless; and that the ALJ's finding at step 3 that the claimant had a "less then marked" limitation in the third domain, *see* 20 C.F.R. § 416.926a(b)(1)(iii) ("[i]nteracting and relating with others"), is not supported by substantial evidence in the record.

Consequently, plaintiff's motion for judgment on the pleadings (Dkt. 17) is GRANTED and this action is REMANDED, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with the Oral Decision. On remand, the ALJ should obtain up-to-date medical, non-medical and opinion evidence, and must:

(1) Reconsider the weight given to each medical opinion and prior administrative finding in accordance with 20 C.F.R. § § 416.920c(c)(1)-(5);

(2) Consider the entire record, including new evidence and all prior evidence concerning self-harm, suicidal or homicidal ideation, and placement of V.J.C. in a special education program or classroom; and

(3) Reassess V.J.C.'s limitation in the domain of "interacting and relating with others," *see* 20 C.F.R. § 416.926a(b)(1)(iii), based on all of the relevant record evidence.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
September 17, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**